# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BEAN LLC d/b/a FUSION GPS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. |
| ) | |
| JOHN DOE BANK, ) | |
| ) | |
| Defendant. ) | |

## UNOPPOSED MOTION FOR DEFENDANT TO PROCEED UNDER A PSEUDONYM

Plaintiff, Fusion GPS, moves this Court for an order granting it permission to maintain this action against a defendant named under pseudonym.[1]

## BACKGROUND

This action seeks to challenge a Congressional subpoena seeking Plaintiff's bank records. The subpoena at issue stems from ongoing scrutiny of Plaintiff's involvement in the compilation of a dossier of information concerning then-nominee for president, Donald J. Trump (the "Trump Dossier"). Since the public disclosure of the existence of the Trump Dossier, Plaintiff has been the subject of extensive, inflammatory media coverage. Fritsch Decl. ¶ 14. Plaintiff and its principals have been subject to death threats and cyberattacks as a result. *Id.*

The instant action names as a defendant the bank on whom the subpoena was served. Plaintiff seeks to name the bank under a pseudonym ("Defendant Bank"), in an effort to ensure that Plaintiff's privacy rights are not violated by free disclosure of its financial information. In light of Plaintiff's experience to date, including a multitude of cyberattacks, Plaintiff reasonably fears that widespread public disclosure of the identity of Defendant Bank will result in increased

---

[1] Plaintiff's counsel has conferred with Defendant Bank's counsel. They do not oppose this motion.

efforts to improperly access Plaintiff's private financial information, either through vexatious litigation or criminal means such as hacking, both against Plaintiff and Defendant Bank. Thus, Plaintiff seeks to maintain this action with the bank named under a pseudonym.

## ARGUMENT

While Federal Rule of Civil Procedure 10(a) provides that pleadings must "name all the parties," courts have discretion to allow actions under pseudonyms.[2] *See, e.g., Doe v. Cabrera*, 307 F.R.D. 1, 4 (D.D.C. 2014). In deciding whether to allow pseudonyms, "the [C]ourt should take into account the risk of unfairness to the opposing party, as well the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.* (alteration in original, quotes omitted). Courts in this district have adopted a five-factor test:

> "(1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature;
>
> (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;
>
> (3) the ages of the persons whose privacy interests are sought to be protected;
>
> (4) whether the action is against a governmental or private party; and
>
> (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously."

---

[2] While the case law is typically directed towards efforts by *plaintiffs* to proceed pseudonymously, courts in this district have acknowledged the existence of litigation with pseudonymous *defendants*. *See District of Columbia v. Doe*, 611 F.3d 888, 894 (D.C. Cir. 2010) (lawsuit involving Doe defendant); *Doe v. Cabrera*, 307 F.R.D. 1, 5 (D.D.C. 2014) ("To be sure, the plaintiff could have filed the complaint and concealed the identity of the defendant by identifying him as 'John Doe.'").

*Id.* at 5 (citing *Nat'l Ass'n of Waterfront Emp'rs v. Chao*, 587 F. Supp. 2d 90, 99 (D.D.C. 2008). Consideration of these factors[3] show that Plaintiff should be allowed to maintain this action with the defendant bank named under pseudonym.

***Preserving privacy of a sensitive matter.*** Plaintiff's interest in Defendant Bank's pseudonymity goes beyond typical "annoyance and criticism that may attend any litigation." Rather, its desire to name its bank under a pseudonym seeks to protect both itself and Defendant Bank from improper and possibly criminal efforts to access Plaintiff's financial records. Bank records and other financial information are highly sensitive and confidential. Moreover, this action presents considerations not present in standard litigation—it takes place against the backdrop of a firestorm of media coverage and the specter of Russian hacking attempts. Plaintiff reasonably fears that if the name its bank was made public, hackers interested in Plaintiffs' confidential information would go after the Defendant Bank's records. Therefore, this factor weighs strongly in favor of non-disclosure of Defendant Bank's identity.

***Harm from Disclosure.***[4] Plaintiff has already been subject to cyberattacks from hackers, and its principals have been subject to death threats. Fritsch Decl. ¶ 14. It thus has a reasonable, particularized, and non-speculative fear that harm could flow from releasing Defendant Bank's name, specifically, that the bank and its records could be subject to hacking attempts. *Id.* ¶ 15; *Yaman v. U.S. Dep't of State*, 786 F. Supp. 2d 146, 153 (D.D.C. 2011) (granting plaintiff's

---

[3] The age of the person whose identity is shielded is not applicable and is therefore not discussed.

[4] Courts in this district have split on how whether the test delineated in *Nat'l Ass'n of Waterfront Emp'rs* or the test delineated in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980) apply to motions like this one, in part because the phrasing of the test in the former is not directly applicable to businesses. *See John Doe Company v. CFPB*, 2017 WL 2117280, at *2-*3 (D.D.C. Jan. 10, 2017).

Ultimately, the distinction may be more formal than substantive: the two tests weigh the same general concerns, and "the question before the Court is not best answered with a rigid, multi-part test but with an assessment of whether the non-speculative privacy interest that the movants have identified outweigh the public's substantial interest in knowing the identities of the parties in litigation, along with any legitimate interest that the non-moving parties' interest may have in revealing the identity of the movants." *Id.* (quoting *John Doe Co. No. 1 v. CFPB*, 195 F Supp. 3d 9, 17 (D.D.C. 2016)).

request to protect the confidentiality of her daughters, because "plaintiff's proffered justification for seeking to file the address under seal and *ex parte* . . . is both serious and legitimate, and not vague and unsubstantiated") (quotes omitted).

Pseudonymous litigation is especially warranted where "the injury litigated against would be incurred as a result of [disclosure]." *Nat'l Ass'n of Waterfront Emp'rs*, 587 F. Supp. at 99-100 (quoting *Doe v. Frank*, 951 F.2d 320, 322–23 (11th Cir. 1992)). Here, Plaintiff brings this action to preserve its privacy rights in its bank records; that very right would be eroded by forcing disclosure of the identity of Defendant Bank. *See also John Doe Co.*, 2017 WL 2117280, at *3 ("When a company files an application for a temporary restraining order (TRO) in U.S. District Court specifically to prevent the government from disclosing its identity in ongoing and related administrative proceedings, it would be counterintuitive that a court should require that same company to disclose its identity in the parallel court proceedings.").

***Whether the Action is Against a Governmental or Private Party***. The rationale behind this prong is that "governmental bodies do not share the concerns about 'reputation' that private individuals have when they are publicly charged with wrongdoing" and so when the accused defendant is a private party, the factor weighs against allowing the plaintiff to use a pseudonym. *Cabrera*, 307 F.R.D. at 8. Here, this prong is not relevant. In this situation, Defendant Bank is not charged with any wrongdoing—rather, Plaintiff seeks to proactively enjoin release of its records—and in any event, it is the identity of *defendant* that will be shielded from disclosure. Any reputational concerns on Defendant Bank's behalf are protected, not undermined, by granting this motion.

***Risk to the opposing party***. In situations where a plaintiff seeks to proceed anonymously, courts find that disclosure of the plaintiff's identity to the defendant vitiates any risk of

unfairness. *See Cabrera*, 307 F.R.D. at 9 (citing *Doe v. De Amigos, LLC*, No. 11-cv-1755, slip op. at 5 (D.D.C. Apr. 30, 2012); *E.E.O.C. v. Spoa, LLC*, No. CCB-13-1615, 2013 WL 5634337, at *3, *4 (D. Md. Oct. 15, 2013); *EW v. New York Blood Ctr.*, 213 F.R.D. 108, 112 (E.D.N.Y. 2003)); *John Doe Co.*, 2017 WL 2117280, at *4 ("Thus, there is no prejudice to the CFPB's own institutional interest in knowing the plaintiff's identity[]."). Obviously, the identity of Defendant Bank is already known to all parties to this litigation. And, as explained above, Defendant Bank itself is helped and protected, not hurt, by the non-disclosure of its identity.

## CONCLUSION

For these reasons, the Court should allow Plaintiff's action to proceed with Defendant Bank named under a pseudonym.

Dated: October 20, 2017

Respectfully Submitted,

/s/ William W. Taylor, III

William W. Taylor, III (D.C. Bar No. 84194)
Steven M. Salky (D.C. Bar No. 360175)
Rachel F. Cotton (D.C. Bar No. 997132)
**ZUCKERMAN SPAEDER LP**
1800 M Street, NW, Suite 1000
Washington, D.C. 20036
Tel: (202) 788-1800
wtaylor@zuckerman.com
ssalky@zuckerman.com
rcotton@zuckerman.com

Joshua A. Levy (D.C. Bar No. 475108)
Robert F. Muse (D.C. Bar No. 166868)
Rachel M. Clattenburg (D.C. Bar No. 1018164)
**Cunningham Levy Muse LLP**
1250 Connecticut Avenue, NW, Suite 200
Washington, D.C. 20036
jal@cunninghamlevy.com
202-261-6564

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of October 2017, the foregoing was served on the following via electronic mail:

Alexander D. Bono
Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103-4196
ABono@duanemorris.com

Joseph J. Aronica
Duane Morris LLP
505 9th Street, N.W., Suite 1000
Washington, D.C. 2004-2166
jjaronica@duanemorris.com

_____
Rachel F. Cotton