# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BEAN LLC d/b/a FUSION GPS, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action 17-cv-2187-TSC |
| DEFENDANT BANK, | ) |
| Defendant, | ) |
| and | ) |
| PERMANENT SELECT COMMITTEE ON INTELLIGENCE OF THE U.S. HOUSE OF REPRESENTATIVES, | ) |
| Defendant-Intervenor. | ) |

**SECOND DECLARATION OF PETER FRITSCH IN SUPPORT OF FUSION GPS'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

I, Peter Fritsch, declare as follows:

1. My name is Peter Fritsch, and I am of legal age and competent to give this Declaration.

2. I adopt the prior declaration I executed in this matter on October 19, 2017, titled Declaration of Peter Fritsch in Support of Fusion's Unopposed Motion for Temporary Restraining Order and Preliminary Injunction.

3. I am the Chief Operating Officer for Fusion GPS and am familiar with our firm's banking records at the Defendant Bank. The bank records sought by the subpoena issued by Congressman Nunes (the "Nunes subpoena") will contain several thousand checks drawn on, withdrawals from and deposits into Fusion's bank account. Few of the records concern work performed in connection with the Dossier.

4. The production of Fusion's bank records sought by the Nunes subpoena will reveal the identity of all of Fusion's clients, which total approximately 25 separate entities and individuals during the period of time covered by the Nunes subpoena.

5. The production of Fusion's bank records will reveal the identity of all of Fusion's contractors, which total approximately 30 separate entities and individuals during the period of time covered by the Nunes subpoena. Some of these contractors are performing services in countries where the revelation of their identities can jeopardize their safety.

6. The production of Fusion's bank records sought by the Nunes subpoena will reveal the draw payments made to the four (4) members of Bean LLC and the salary payments made to the approximately 8 members of our staff during the period of time covered by the Nunes subpoena.

7. The production of Fusion's bank records willreveal payments to Fusion's health insurance carrier, to our retirement benefit plans, and to numerous other companies and individuals who have serviced all of our business operations during the time covered by the Nunes subpoena.

8. The production of Fusion's bank records willnot reveal who received the Trump Dossier, what steps were taken by Fusion to corroborate the information contained in the Trump Dossier, or whether or not the FBI relied on the Trump Dossier as part of its counterintelligence investigation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   October 23, 2017