# Exhibit C

Redacted

**Subject:** RE: Bean LLC v. Defendant Bank, 17-cv-02187 (D.D.C.)
**Date:** Thursday, November 2, 2017 at 10:46:49 AM Eastern Daylight Time
**From:** Hungar, Thomas
**To:** Josh Levy
**CC:** Tatelman, Todd, William W. Taylor, Hamm, Kimberly

Thanks, Josh.  The Committee is holding a hearing this morning.  We'll get back to you once we have had a chance to confer with our client.  Tom

---

**From:** Josh Levy [mailto:jal@cunninghamlevy.com]
**Sent:** Wednesday, November 1, 2017 11:52 PM
**To:** Hungar, Thomas <Thomas.Hungar@mail.house.gov>
**Cc:** Tatelman, Todd <Todd.Tatelman@mail.house.gov>; William W. Taylor <wtaylor@zuckerman.com>
**Subject:** Fw: Bean LLC v. Defendant Bank, 17-cv-02187 (D.D.C.)

Tom –

We are in receipt of your client's requests for records and purported justifications for these requests (attached).  Aside from the ▬▬▬▬▬▬▬▬ records and "re-production" of records that we already have authorized the bank to produce, we will object to the request.

The records your client identifies in its communication with the bank are not pertinent to any question under inquiry and represent the majority of the records that were not produced to the Committee.  The purported justifications are preposterous and belie your client's earlier representations, which you presented, that your client could not previously share its requests for bank records because they were predicated on classified information.  Now we are told, without a single fact in support, that the Committee is entitled to Fusion's client records on matters unrelated to any subject under investigation because, *inter alia*, Fusion has established a "pattern and practice of using law firms as intermediaries to mask the true beneficiaries of its research."  In short, the purpose of these requests is so transparent that it can only be to annoy, harass and punish Fusion GPS.

We do not think Judge Chutkan will be impressed by this turn of events and we will file our objection with her pursuant to the Agreement. We would be willing to discuss the matter with you early tomorrow morning, if your client is willing to reconsider its demands.

Your clients' requests and our objections to them are as follows:

1. <u>Law Firms</u>:  HPSCI staff here has asked for bank records related to transactions with 10 law firms under a false and offensive premise that "Fusion GPS has established a pattern and practice of using law firms as intermediaries to mask the true beneficiaries of its research." Law firms, on behalf of their clients, have a right to contract with third parties, during ongoing litigation and in situations in which litigation is reasonably foreseeable.  Such work occurs every day, all over the country. This is clearly a recently contrived effort to find some justification other than "classified information." HPSCI staff could have specified this request at any time, but did not.  In any event, none of the law firms about which it seeks information (other than Perkins Coie and Baker Hostetler) contracted with Fusion GPS to perform work related to Russia or Donald Trump, in any way.  The requests for records related to these law firms are not pertinent.  The records are protected by the First

Amendment and confidentiality. On those bases, we object to these requests and ask that they be withdrawn.

2. <u>Media Companies</u>: HPSCI staff has requested bank records related to any "media companies…to determine whether such companies were the beneficiary of dossier or other Russia related information." This, too, is contrived to substitute for the ridiculous notion that the Committee can demand documents in an overbroad subpoena from a third party and not explain what it is looking for or why. With the exception of the ▇▇▇▇▇▇▇▇, which was a Fusion GPS client, none of the other media companies from which HPSCI staff is now requesting records received any payment related to Russia or Donald Trump. The requests for records related to these media companies are not pertinent. The records are protected by the First Amendment and confidentiality.

3. <u>Journalists</u>: HPSCI staff has requested bank records related to any "journalists who have reported on Russia issues relevant to its investigation" and "individuals on (sic) have contributed to press stories on Russia issues relevant to its investigation." HPSCI staff could have made these requests at any time, but did not. The requested records related to payments to the journalists and "individuals" are protected by the First Amendment and confidentiality, and they are not pertinent.

4. ▇▇▇: HPSCI staff has requested bank records related to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ HPSCI staff could have requested any bank records related to payments to entities on behalf of ▇▇▇▇▇▇▇▇▇▇, but it did not. Nor does this request have anything to do with classified information. ▇▇▇ retained Fusion GPS for services that were unrelated to ▇▇▇▇▇▇▇▇ Russia or Donald Trump. The request for bank records related to ▇▇▇ is not pertinent. The records are protected by the First Amendment and confidentiality.

5. ▇▇▇ HPSCI staff has requested bank records related to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ This justification is similarly contrived to create some argument other than classified information. ▇▇▇ retained Fusion GPS for a matter that had nothing to do with ▇▇▇ ▇▇▇▇▇▇ Russia or Donald Trump. The request is not pertinent. The records are protected by the First Amendment and confidentiality.

Please advise if your client is prepared to withdraw or modify its demands.

Sincerely,
Bill Taylor and Josh Levy

**Joshua A. Levy**
**Cunningham Levy Muse LLP**
1250 Connecticut Avenue, NW, Suite 200
Washington, DC  20036
202.261.6564 (w)
202.360.0677 (m)
[jal@cunninghamlevy.com](jal@cunninghamlevy.com)

cunninghamlevy.com

\*\*\*
The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Cunningham Levy LLP. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by reply or by telephone at (202) 261-6564, and immediately destroy this communication and all copies thereof, including all attachments.

IRS Circular 230 Disclosure:
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.
\*\*\*

---

**From:** Glabe, Scott <Scott.Glabe@mail.house.gov>
**Sent:** Wednesday, November 1, 2017 4:59 PM
**To:** 'Bono, Alexander'; Hansen, Forrest; Aronica, Joseph J.
**Cc:** Patel, Kash; Tatelman, Todd; Josh Levy; wtaylor@zuckerman.com
**Subject:** RE: Bean LLC v. Defendant Bank, 17-cv-02187 (D.D.C.)

Lex, Joe, and Forrest--

We appreciate your (and particularly Joe's) assistance and hospitality in facilitating the Committee's review.

[REDACTED], the Committee hereby requests production of records within the Responsive Records relating to the transactions identified in the attached list, including any metadata related thereto located on the pages [REDACTED].

> (NOTE: for checks, the "date" is the date of the check, rather than when it was cashed. **BOLD** text denotes transactions for which records have already been produced, and for which we seek re-production.)

Additionally, we have also included a justification briefly articulating, for each payor/payee, the nexus between the records sought and the Committee's investigation. These justifications are provided to aid the parties, without prejudice to additional reasons the Committee might set forth in any ensuing proceeding.

Thanks in advance for your prompt attention to this request, and for your continued assistance in this matter.

Best,
Scott

| | |
|---|---|
| **Subject:** | RE: Can we talk now? |
| **Date:** | Thursday, November 2, 2017 at 6:07:47 PM Eastern Daylight Time |
| **From:** | Tatelman, Todd |
| **To:** | Taylor, William W., Hungar, Thomas, Joshua A. Levy (jal@cunninghamlevy.com), Hamm, Kimberly |
| **Attachments:** | image001.png, image002.png, image003.png, image004.png |

Bill,

The Committee is not in a positon to accept your suggestion that it withdraw its request for these specified transactions, which are necessary for its investigation.

Thanks,
Todd

_____
Todd B. Tatelman
Associate General Counsel
Office of General Counsel
U.S. House of Representatives
219 Cannon HOB
Washington, D.C. 20515
(202) 225-9700 telephone
(202) 226-1360 fax

**From:** Taylor, William W. [mailto:wtaylor@zuckerman.com]
**Sent:** Thursday, November 2, 2017 4:02 PM
**To:** Hungar, Thomas <Thomas.Hungar@mail.house.gov>; Joshua A. Levy (jal@cunninghamlevy.com) <jal@cunninghamlevy.com>; Tatelman, Todd <Todd.Tatelman@mail.house.gov>
**Subject:** Can we talk now?

William  Taylor  202.778.1810 wtaylor@zuckerman.com