**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BEAN LLC d/b/a FUSION GPS<br>　　　1700 Connecticut Ave., NW<br>　　　Suite 400<br>　　　Washington, DC 20009,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>DEFENDANT BANK,<br><br>　　　　　　Defendant,<br><br><br>PERMANENT SELECT COMMITTEE ON<br>INTELLIGENCE OF THE U.S. HOUSE OF<br>REPRESENTATIVES,<br>　　　　　　Intervenor. | Case No. 1:17-cv-02187-TSC |

**SECOND DECLARATION OF MARK R. STEWART**

1. I currently am, and have been since February 2017, General Counsel for the House Permanent Select Committee on Intelligence ("Committee" or "HPSCI"). In this capacity, I provide legal oversight of Committee matters, including the Committee's investigation regarding the Russian active measures campaign targeting the 2016 U.S. election and the publicly announced parameters of that investigation. In addition, I advise on and interpret the Committee's rules, procedures, and practices regarding the conduct of all Committee business. The facts set forth in this Declaration are based upon my personal knowledge.

2. In the course of the Committee's investigation regarding the Russian active measures campaign targeting the 2016 U.S. election, the Committee has negotiated for and been granted access to highly classified information from various agencies within the Intelligence

Community ("IC").

3. Based in part on its review of this classified information, as well as other information in its possession, the Committee has a good faith basis to believe that the remaining records sought by the subpoena to Defendant Bank contain information relevant to the Committee's investigation. In light of this information, the Committee seeks access to the identified records held by Defendant Bank to determine whether to pursue investigative leads arising from those transactions, including whether they relate to any other entities or individuals involved in matters within the scope of the Committee's investigation, including entities or individuals whose connection to the investigation is based in whole or in part on classified information. However, because the key information regarding those entities and/or individuals is classified, the Committee cannot reveal that information to Defendant Bank, Plaintiff, the Court, or anyone else.

4. Pursuant to Executive Order 13526, all of the information the Committee has been granted access to has been classified by the executive branch as "Top Secret," meaning that the "unauthorized disclosure of which reasonably could be expected to cause exceptionally grave damage to the national security that the original classification authority is able to identify or describe." Exec. Order 13526, 75 Fed. Reg. 707 (Dec. 29, 2009).

5. Additionally, the Top Secret information the Committee has been granted access to is considered "Sensitive Compartmented Information" ("SCI") meaning that it contains information concerning or derived from sensitive intelligence sources, methods, or analytical processes. As a result of its SCI status, access to some of the information obtained by the Committee is severely restricted. In some instances, only a select number of Committee staff have been granted access to review information contained in a specific compartment.

6. Executive Order 13526 grants the "authority to classify information originally to (a) the President and Vice President (b) agency heads and officials designated by the President and (c) United States Government officials delegated this authority …." 75 Fed. Reg. at 708. Accordingly, the Committee does not have the authority to classify documents and, as such, is not the "classifying authority" of any classified information.  The classified information obtained by the Committee and relevant to its investigation has been derived from multiple classifying authorities within the IC.

7. Executive Order 13526 provides that "[c]lassified information originating in one agency may be disseminated to another agency or U.S. entity by any agency to which it has been made available without the consent of the originating agency … unless the originating agency has determined that prior authorization is required for such dissemination …." 75 Fed. Reg. at 721.  Each of the classifying authorities that has provided classified information to the Committee has determined that further dissemination requires prior authorization.  As part of its negotiations with the IC for access to the classified information, the Committee has expressly agreed to abide by this requirement.

8. The Committee negotiated and executed an extremely detailed agreement with the IC requiring that all information provided be handled consistent all applicable IC procedures.

9. Clause 13 of Rule XXIII of the *Rules of the House of Representatives* for the 115th Congress provides that, "Before a Member, Delegate, Resident Commissioner, officer, or employee of the House may have access to classified information, the following oath (or affirmation) shall be executed: 'I do solemnly swear (or affirm) that I will not disclose any classified information received in the course of my service with the House of Representatives, except as authorized by the House of Representatives or in accordance with its Rules.'"

10. All Committee Members and staff have signed an "Oath for Access to Classified Information" for the 115th Congress, pursuant to Clause 13 of Rules XXIII of the *Rules of the House of Representatives*.

11. Rule 14(d) of the *Rules of Procedure for the Permanent Select Committee on Intelligence* for the 115th Congress provides that "Before any member of the Committee, or the Committee Staff, shall have access to classified information, the following oath shall be executed: 'I do solemnly swear (or affirm) that I will not disclose or cause to be disclosed any classified information received in the course of my service on the House Permanent Select Committee on Intelligence, except when authorized to do so by the Committee or the House of Representatives.'"

12. All Committee Members and staff have signed an "Oath of Access to Classified Information" for the 115th Congress, pursuant to Rule 14(d) of the Committee's *Rules of Procedure*.

13. Rule 12(b) of the *Rules of Procedure for the Permanent Select Committee on Intelligence* for the 115th Congress provides that "All Committee Staff must, before joining the Committee Staff, agree in writing, as a condition of employment, not to divulge or cause to be divulged any classified information which comes into such person's possession while member of the Committee Staff, to any person not a member of the Committee or the Committee Staff, except as authorized by the Committee in accordance with the Rules of the House and these Rules."

14. All Committee staff have executed a Non-Disclosure Agreement in accordance with Rule 12(b) which provides that "I will never divulge, publish, or reveal by writing, word, conduct, or otherwise, either during my tenure with the HPSCI or anytime thereafter, any testimony given before the HPSCI in executive session including the name of any witness who

appeared or was called to appear before the HPSCI in executive session, the contents of any material, restricted data (as that term is defined by Title 42, United States Code, Section 2014), or information received or generated by the HPSCI that has been identified under established HPSCI security procedures, by Executive Order, by the Director of Central Intelligence (DCI), or otherwise by statute, as requiring protection from unauthorized disclosure and to which I have access during my tenure with the HPSCI staff, or any information classified pursuant to any Executive Order, by the DCI, by the DNI, or otherwise by statute, which may otherwise come into my possession during my tenure with the HPSCI Staff, to any person not a Member of the HPSCI or HPSCI staff, *for any purpose or in connection with any proceeding, judicial or otherwise*, except as authorized by the HPSCI in accordance with Section 7 of H. Res. 658, and the Rules of Procedure for the HPSCI, or in the event of the termination of the HPSCI in such a manner as may be determined by the House" (emphasis added).

15. Accordingly, the Committee is not authorized to disseminate to anyone, beyond other Members of the House, the classified information it has reviewed and that forms the basis for its good faith belief that the records sought contains information relevant to its investigation without first obtaining the authorization from the Executive Branch.  *See* House Rule X.11(g)(1); 18 U.S.C. § 798.  This includes Plaintiff, Defendant Bank, this Court, a Magistrate and/or Special Master appointed by this Court, or any other third party.

16. For this reason, the subpoena to Defendant Bank and the Committee's document request in the instant case cannot be narrowed by the use of search terms or contain other more specific information.  To do so could cause the Committee to reveal classified information it is not authorized to disseminate.

17. Based on its own negotiations with the IC for this information, the Committee believes that not only will obtaining the necessary authorizations be time consuming and difficult, but it is very unlikely that such efforts would be successful. In any event, the substantial delay that even attempting to obtain such authorizations requires will result in substantial prejudice and harm to the Committee's investigation.

18. Rule 12 of the *Rules of Procedures For The Permanent Select Committee on Intelligence, United States House of Representatives, 115th Congress* prohibits the discussion or disclosure to the public of "any information received by the Committee in executive session," except as otherwise provided by Committee Rules or the Rules of the House of Representatives. It is the Committee's standard and consistent practice to handle any documents produced to the Committee pursuant to a subpoena as information received by the Committee in executive session. Thus, any records produced in response to the subpoena to Defendant Bank will be subject to the Committee's executive session rules.

19. The Committee does not believe the refusal of a witness to testify based on the assertion of privilege is "information received by the Committee" for the purposes of Committee Rule 12(a)(1)(B). Thus, the confidentiality obligation set forth in that Rule does not apply to such assertions.

20. The identity of a subpoena recipient is not "information received by the Committee" for the purposes of Committee Rule 12(a)(1)(B). This information is released by the Committee to, among others, the recipient of the subpoena, and, as such (absent a specific Committee determination to the contrary), it is not subject to the confidentiality obligation.

21. Contrary to the Plaintiff's assertion that any bank records produced to the Committee will become public, it should be noted that any records Defendant Bank produces to the

Committee pursuant to the subpoena will be considered Executive Session information and prohibited from public disclosure as discussed in paragraph 18 unless such disclosure is directed by the full Committee during a Committee business meeting.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 7th day of November 2017, in Washington, D.C.

MARK R. STEWART