THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| BEAN LLC d/b/a FUSION GPS, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Action 17-cv-2187-RJL |
| DEFENDANT BANK, | ) ) ) | |
| Defendant, | ) ) | |
| and | ) ) | |
| PERMANENT SELECT COMMITTEE ON INTELLIGENCE OF THE U.S. HOUSE OF REPRESENTATIVES, | ) ) ) ) | |
| Defendant-Intervenor. | ) ) | |

## NOTICE OF ADDITIONAL RECORD EVIDENCE

Fusion GPS ("Fusion") respectfully submits this notice as a supplement to the record in support of its motion for a preliminary injunction. Fusion has repeatedly argued that the subpoena that the House Permanent Select Committee on Intelligence ("HPSCI" or "Committee") sent to Defendant Bank was part of an ongoing effort to discredit Fusion in retaliation for its role in undertaking research into then-presidential candidate Donald Trump during the 2016 election. *See, e.g.*, Reply in Supp. of Pl.'s Renewed Application for a Temp. Restraining Order, ECF No. 35-5, at 2-3, 8-9; Hr'g Tr. 22-23, Nov. 30, 2017; *id.* at 42. The Supreme Court has recognized that "[i]nvestigations conducted solely for personal aggrandizement of the investigators or to 'punish' those investigated are indefensible." *Watkins v. United States*, 354 U.S. 178, 187 (1957). In the days since the November 30, 2017 hearing on Fusion's motion for a preliminary injunction, new evidence of the improper and punitive nature

of the Committee's subpoena and of retaliatory leaks from the investigation have come to light.

For example:

- On November 30, the New York Times reported that President Trump had personally urged an unnamed Republican senator "to begin an investigation into Hillary Clinton's connection with the intelligence-gathering firm Fusion GPS, which produced a dossier of allegations about Mr. Trump's ties to Moscow." *See* Ex. A at 6. President Trump himself has tweeted and stated his view that Fusion should be investigated. *See, e.g.*, Ex. B at 1.

- On December 1, Senator Sheldon Whitehouse, a member of the Senate Judiciary Committee, questioned whether that undue influence from the President had prompted the intense focus on Fusion. In a tweet in response to the New York Times article referenced above, Whitehouse said, "Is this this why full Judiciary hearings have veered in this direction instead of Russia/obstruction?" Ex. C.

- On December 1, media outlets reported that President Trump's former national security advisor, and campaign and transition adviser, General Michael T. Flynn, had pleaded guilty to lying to the FBI about conversations he had with Russian officials, including the Russian ambassador, during the transition period. Ex. D. Flynn's guilty plea arising from his dealings with Russian contacts substantiates further the account of the so-called "dossier," which is a powerful new incentive for the Committee to seek to discredit and retaliate against Fusion for commissioning this research.

- On December 3, House Intelligence Committee ranking member Adam Schiff said that he is "concerned . . . that our chairman [Devin Nunes] is willing to use the subpoena and contempt power of the House, not to determine how the Russians interfered in our election or whether the President obstructed Justice, but only to distract from the core of our investigation." Ex. E at 4.

- On December 4, Senator Diane Feinstein, the minority chair of the Senate Judiciary Committee, which is also investigating Russian interference in the 2016 election, was quoted as stating: "I think there's an effort [by majority Chairman Senator Grassley], subtle, not to go deeply," "And I hadn't realized it before, but I realize it now . . . . And we're going to have to find a way to deal with it." *See* Ex. F at 2. Indeed, someone on the Senate Judiciary Committee may have provided information to Congressman Nunes for use in the HPSCI investigation in order to circumvent the rules of the Senate Judiciary Committee. The Senate Judiciary Committee Chair lacks the unilateral authority to issue and serve a subpoena. *See id*. Rather, the rules require agreement from the chair and ranking member on subpoenas, in the absence of a full committee vote. *See* Rules of Procedure, United States Senate Committee on the Judiciary, Rule IX, *available at* https://www.judiciary.senate.gov/about/rules. Staff from the Senate Judiciary Committee indicated to Fusion co-founder Glenn Simpson, at his August 22, 2017 interview that Senate Judiciary Committee staff was aware of Fusion's bank, asked Mr. Simpson about it by name, and Mr. Simpson confirmed that it was Fusion's bank. Chairman Nunes then

unilaterally issued and served the October 4, 2017 subpoena on Defendant Bank, without the consent of the HPSCI ranking member or a full vote of the committee.  Simpson Decl. ¶¶ 3-4.

- On December 5, it was reported that Special Counsel Mueller issued a subpoena to Deutsche Bank for information about the personal finances of President Trump and his organization.  Ex. G.  The news prompted Rep. Schiff to disclose to CNN that the Committee's Republicans had refused to issue a subpoena to Deutsche Bank. Rep. *See* Ex. H.  Schiff accused the Committee of maintaining "a troubling double standard." *Id.*

- On December 7, multiple news outlets reported that a senior Department of Justice official, Bruce G. Ohr, was demoted from his position as Associate Deputy Attorney General, after "evidence collected by the House Permanent Select Committee on Intelligence (HPSCI), chaired by Rep. Devin Nunes R-Calif., indicates that Ohr met during the 2016 campaign with Christopher Steele, the former British spy who authored the dossier," and "that Ohr met shortly after the election with Glenn Simpson, the founder of Fusion GPS."  Ex. I at 1.  Simpson provided information about his meeting with Bruce Ohr at his voluntary interview before HPSCI on November 14, 2017.  Simpson Decl. ¶ 6. As *Fox News* reported, "[t]he demotion of Ohr thus marked the second time within a matter of months that the Justice Department and the FBI have disciplined for misconduct a senior official connected in some form or fashion to the Trump-Russia case."  *Id*. at 2; *see also* Ex. J at 2; Ex. K (Nov. 30 Transcript) at 24:23-26:8 (discussing prior leaks related to the investigation).

- On December 11, Fox News reported that the wife of Mr. Ohr had been a Fusion subcontractor.  Ex. L.  Before producing bank records in response to the bank subpoena and voluntarily disclosing additional pieces of this information to HPSCI through Mr. Simpson's November 14, 2017 interview, Ms. Ohr's work for Fusion had been confidential.  Simpson Decl. ¶ 5.  On December 12, Fox News reported that "HPSCI staff confirmed to Fox News that [Ms. Ohr] was paid by Fusion GPS through the summer and fall of 2016."  Ex. M.

- On December 12, attorney Jay Sekulow, an attorney representing President Trump, called for the appointment of a new special prosecutor to investigate purported conflicts of interest in the Department of Justice and the FBI and focusing on Fusion.  Ex. M. Sekulow's call followed a tweet from Senator Lindsey Graham on December 8 that "I will be challenging R[epublican]s and D[emocrat]s on the Senate Judiciary Committee to support a Special Counsel to investigate ALL THINGS 2016 – not just Trump and Russia."  *Id.*  Fox News reports that "[t]ogether, the details [of Mr. and Ms. Ohr's contact with Fusion] have fueled Republican concerns about the objectivity of key officials at the DOJ and FBI."  *Id.*

This new evidence further demonstrates that HPSCI's subpoena to Defendant Bank is part of a punitive effort by Chairman Nunes to retaliate against Fusion and to interfere with its constitutional rights.  As we have previously argued, HPSCI's use of the subpoena is thus an

improper and invalid exercise of congressional power.  HPSCI is not using this subpoena to seek information pertinent, or even relevant, to the Committee's Russia investigation.  Among other things, compliance with this subpoena by Defendant Bank would violate Fusion's due process rights and would infringe Fusion's First Amendment rights.  The subpoena is an effort to harm Fusion and its associates.  It seeks to divert attention away from, and interfere with, the investigation and to expose Fusion's associations with other individuals and entities that have nothing to do with the Russia investigation..  "[T]here is no congressional power to expose for the sake of exposure."  *Watkins*, 354 U.S. at 200.  "Investigations conducted solely . . . to 'punish' those investigated are indefensible." *Id*. at 187; *see also Sweezy v. State of N.H. by Wyman*, 354 U.S. 234, 245 (1957) (recognizing that legislative investigations "are capable of encroaching upon the constitutional liberties of individuals").

Accordingly, for the reasons articulated in Plaintiff's motion for a preliminary injunction and at the November 30, 2017 hearing, this Court should grant Plaintiff's motion.  In the event the Court rules against Fusion's motion, Fusion respectfully requests that the Court delay the effective date of its order and the production of documents so that Fusion may request a stay in this Court and, if necessary, in the D.C. Circuit, so that Fusion can fully vindicate its rights on appeal.

Dated: December 12, 2017                                       Respectfully submitted,

*/s/ Steven M. Salky*
Steven M. Salky (D.C. Bar No. 360175)
William W. Taylor, III (D.C. Bar No. 84194)
Rachel F. Cotton (D.C. Bar No. 997132)
**ZUCKERMAN SPAEDER LLP**
1800 M Street, NW, Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
wtaylor@zuckerman.com
ssalky@zuckerman.com

Joshua A. Levy (D.C. Bar No. 475108)
Robert F. Muse (D.C. Bar No. 166868)
Rachel M. Clattenburg (D.C. Bar No. 1018164)
**CUNNINGHAM LEVY MUSE LLP**
1250 Connecticut Avenue, NW, Suite 200
Washington, D.C. 20036
Tel: (202) 261-6564
jal@cunninghamlevy.com
rmuse@cunninghamlevy.com
rmc@cunninghamlevy.com

Theodore J. Boutrous, Jr., (D.C. Bar No. 420440)
**GIBSON, DUNN & CRUTCHER LLP**
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel:  (202) 955-8688
tboutrous@gibsondunn.com

*Counsel for Plaintiff BEAN LLC, d/b/a FUSION GPS*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of December 2017, the foregoing was filed on the Court's CM/ECF system, thereby serving all counsel of record in this matter.

                                                    */s/ Rachel F. Cotton*
                                                    Rachel F. Cotton