**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                        )
BEAN LLC d/b/a FUSION GPS                                )
      1700 Connecticut Ave., NW                )
      Suite 400                                )
      Washington, DC 20009,                    )
                                                        )
                Plaintiff,    )
                                                        )
     v.                                          )          Case No. 1:17-cv-02187-TSC
                                                        )
DEFENDANT BANK,                                          )
                                                        )
                Defendant,    )
                                                        )
                                                        )
PERMANENT SELECT COMMITTEE ON                            )
INTELLIGENCE OF THE U.S. HOUSE OF                        )
REPRESENTATIVES,                                         )
                Intervenor.   )
_____)

**MOTION TO STRIKE PLAINTIFF'S NOTICE**
**OF ADDITIONAL RECORD EVIDENCE**

On December 12, 2017, Plaintiff improperly filed a Notice of Additional Record

Evidence (ECF No. 45) ("Notice"), attaching two new fact declarations and a voluminous

collection of news articles.  Plaintiff filed its Notice without authorization from this Court, in

violation of Local Rule 65.1(c), and without seeking consent from Intervenor Permanent Select

Committee on Intelligence (the "Committee").  This procedurally improper Notice seeks to

introduce irrelevant evidence – much of it relating to purported actions and communications of a

different House of Congress and a separate Branch of government – to discredit and impede the

Committee's investigation into Russian activities related to the 2016 election.  This investigation

is a "national security necessity" and the Committee's motion to strike should be granted so that

the Committee may promptly "meet the expectations of the American people" by providing "a full accounting of all facts."[1]

On December 14, 2017, pursuant to Local Rule 7(m), counsel for the Committee conferred with Plaintiff's counsel, who indicated that Plaintiff opposes this motion to strike, and with Defendant Bank's counsel, who does not oppose this motion.  A proposed order is attached and oral argument is not requested.

## ARGUMENT

The Local Rules of this Court clearly prohibit the filing of supplemental affidavits in support of an application for a preliminary injunction, absent leave of the Court.  *See* LCvR 65.1(c) ("Supplemental affidavits either to the application [for preliminary injunction] or the opposition may be filed only with permission of the Court.").  Plaintiff's failure to comply with Local Rule 65.1(c) requires that its Notice be stricken from the record.  *See Economic Research Services, Inc. v. Resolution Economics, LLC*, 140 F.Supp.3d 47, 49 n.2 (D.D.C. 2015) (Leon, J.) (striking Reply Brief in Further Support for failure to comply with LCvR 65.1(c)).

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

---

[1] Press Release, Perm. Select Comm. on Intelligence, *Intelligence Committee Chairman, Ranking Member Establish Parameters for Russia Investigation* (Mar. 1, 2017) (Ranking Member Schiff).



The Notice should also be stricken because the proffered evidence is irrelevant and provides no support for Plaintiffs' oft-repeated but baseless allegation of "a punitive effort by Chairman Nunes to retaliate against [Plaintiff] and to interfere with its constitutional rights." Notice at 3.  Plaintiff's submission serves only to confirm that of Plaintiff's conduct lies at the center of the legitimate investigation being conducted by the Committee in furtherance of the public interest.

*First*, Plaintiff's reliance on *Watkins v. United States*, 354 U.S. 178 (1957), is misplaced. *Watkins* involved a witness who refused to answer questions from the House Committee on Un-American Activities regarding his knowledge about other people's past membership or participation in the Communist Party.  *See id.* at 185.  The Court overturned the witness's contempt conviction on the ground that the government had failed to establish pertinency.  *Id.* at 214-15.  Before resolving that issue, the Court discussed in general terms the scope of Congress's power to punish recalcitrant witnesses for contempt, including the uncontroversial position that "[i]nvestigations conducted solely . . . to 'punish' those investigated are indefensible[,]" *id.* at 187.  The Court also emphasized, however, that it is not the function of the

3

courts to "test[] the motives of committee members for this purpose[,]" and that "[t]heir motives alone would not vitiate an investigation" that had been validly authorized, as long as the legislative chamber's "legislative purpose is being served."  *Id*. at 200.

As the discussion in *Watkins* reveals, *id*. at 198-99, the admonition relied upon by Plaintiff stems from *Kilbourn v. Thompson*, 103 U.S. 168 (1881), which involved a House contempt proceeding arising out of an investigation into the bankruptcy proceedings of a company in which the United States had deposited funds.  *Id.* at 193.  The *Kilbourn* Court concluded that the contempt citation violated this admonition because the House had no "right . . . to interfere with a suit pending in a court of competent jurisdiction[,]" *id*. at 194, and there was "no hint of any intention of final action by Congress on the subject," *id*., in that the investigation "could result in no valid legislation on the subject to which the inquiry referred," *id*. at 195.

Thus, the fatal flaw in *Kilbourn* was that the House was engaged in an investigation that had no legislative purpose and was instead "in its nature clearly judicial."  *Id*. at 192.  *Kilbourn* (and the reiteration of its rationale in *Watkins*, 354 U.S. at 194-95) therefore has no application here, where the investigation falls squarely within the scope of the legislative jurisdiction conferred on the Committee by the House.  Pursuant to H. Res. 5 (115th Cong.), the Committee is empowered to investigate "the activities of the intelligence community," *see* Committee Resp. in Opp'n (ECF No. 12) (citing Rules of the U.S. House of Representatives, Rules X.3(m), X.11(b)(1)), a subject on which extensive legislation already exists and additional legislation is under consideration.  In accordance with the broad conferral of legislative authority, the Committee is investigating, among other things, "allegations of Russian collusion with any U.S.

Persons". Press Release: Permanent Select Comm. on Intelligence, Intelligence Comm. Chairman, Ranking Member Establish Parameters for Investigation (Mar. 1, 2017).[2]

      Plaintiff's extensive connection with and involvement in the subject matter of the Committee's investigation is well-established and cannot seriously be questioned. Indeed, the public record amply demonstrates that Plaintiff and its affiliates were heavily involved in obtaining unverified information from Russian sources and disseminating it to the Intelligence Community, both directly and indirectly (through the media), at least in part in an attempt to influence the 2016 presidential election. In addition, Plaintiff has admitted to having information directly relevant to this investigation. Accordingly, there is no merit whatsoever to Plaintiff's hyperbolic claim that it is being "punished" by the Committee or its Chairman. The Committee is engaged in an indisputably legitimate effort of immense national importance as it seeks to understand and identify potential legislative responses to widespread allegations of Russian collusion, and Plaintiff unquestionably engaged in precisely the type of Russian collusion that lies at the heart of that legitimate investigation. This case bears no relationship whatsoever to *Kilbourn*.

      *Second*, Plaintiff's purported evidence fails to establish any supposed "punitive effort … to retaliate against [Plaintiff]" on the part of the Committee or the Chairman. In fact, the majority of the attached articles refer to actions by persons and/or entities other than the Committee. For example, exhibits A, B, and M each are reports of actions by President Trump or his surrogates. Exhibit A relates to President Trump's discussions with an unnamed "Republican Senator," Notice Ex. A (ECF No. 45-2), while exhibit B reports on Twitter statements by the President regarding the purported connection between Plaintiff and former

---

[2] Available at https://intelligence.house.gov/news/documentsingle.aspx?DocumentID=767.

President Obama, Notice Ex. B (ECF No. 45-3).  Neither exhibit mentions the Committee, Chairman Nunes, or the House of Representatives.  Exhibit M relates to statements by one of President's Trump's attorneys calling for a new special counsel to be appointed to investigate conflicts of interest at the Department of Justice ("DOJ") and Federal Bureau of Investigation, and proves nothing about the Committee.  Notice Ex. M (ECF No. 45-14).

Similarly, both exhibits C and F relate to the Senate and its separate and independent investigation into Russian interference in the 2016 election.  Again, neither exhibit mentions the Committee, its Chairman, or the House of Representatives.  Notice Ex. C (ECF No. 45-4); Notice Ex. F (ECF No. 45-7).  Finally, Exhibits D and G both relate to the actions of the Special Counsel, Robert Mueller, with exhibit D focused on the indictment of Michael Flynn, Notice Ex. D (ECF No. 45-5), and exhibit G on the Special Counsel's attempt to obtain information from Deutsche Bank regarding President Trump's personal and/or business finances, Notice Ex. G (ECF no. 45-8).  The only reference to the Committee in either exhibit is to the well-publicized fact that the Committee was scheduled to (and in fact did) interview Donald Trump, Jr. on Wednesday, December 6, 2017.  *See* Notice, Ex. G at 4 (ECF No. 45-8).  None of this provides the slightest support for Plaintiff's spurious allegations.

*Finally*, to the extent that any of Plaintiff's exhibits relate to the Committee's investigation, they do not support the claim of an investigation to "retaliate against [Plaintiff]." Rather, at best, they reflect only the predicable disagreements between the Chairman and the Ranking Member regarding investigative tactics, *see* Notice Ex. E at 4 (ECF No. 45-6) (quote from Committee Ranking Member Schiff), or merely utilize information relating to the Committee's investigation to give context to or explain independent actions taken by DOJ.  *See, e.g.*, Notice Ex  I (ECF No. 45-10) (referencing Committee investigation in article primarily

about demotion of DOJ official); Notice Ex. J (ECF No. 45-11) (same); Notice Ex. L (ECF No. 45-13) (same).

In any event, even if Plaintiff could identify actual evidence to support its baseless attempts to impugn the motives of individual Members of Congress – which it has not done – such evidence would be irrelevant.  As the very case on which Plaintiff relies makes clear, the courts may not "test[] the motives of committee members," and "[t]heir motives alone would not vitiate an investigation" that, like this one, is validly authorized and furthers the House's "legislative purpose."  *Watkins*, 354 U.S. at 200; *see*, *e.g.*, *Barenblatt v. United States*, 360 U.S. 109, 132 (1959) ("So long as Congress acts in pursuance of its constitutional power, the Judiciary lacks authority to intervene on the basis of the motives which spurred the exercise of that power.").



## CONCLUSION

Because Plaintiff filed its Notice without seeking leave of court in violation of Local Rule 65.1(c), and for all the other reasons above, the Court should strike Plaintiff's Notice and deny the relief requested by Plaintiff.

Respectfully submitted,

*/s/ Thomas G. Hungar*
THOMAS G. HUNGAR
  *General Counsel*
TODD B. TATELMAN
  *Associate General Counsel*
KIMBERLY HAMM
  *Assistant General Counsel*

OFFICE OF GENERAL COUNSEL
U.S. HOUSE OF REPRESENTATIVES
219 Cannon House Office Building
Washington, D.C.  20515
(202) 225-9700 (telephone)
(202) 226-1360 (facsimile)
Thomas.Hungar@mail.house.gov

*Counsel for the Permanent Select Committee*
*on Intelligence of the U.S. House of Representatives*

December 14, 2017

**CERTIFICATE OF SERVICE**

I certify that on December 14, 2017, I caused the foregoing document to be filed through

the court's CM/ECF system, which I understand caused it to be served on all registered parties.


*/s/ Thomas G. Hungar*
Thomas G. Hungar