## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

———————————————————

BEAN LLC d/b/a FUSION GPS,

          Plaintiff,

    v.

DEFENDANT BANK,

          Defendant,

          and

PERMANENT SELECT COMMITTEE
ON INTELLIGENCE OF THE U.S.
HOUSE OF REPRESENTATIVES,

          Defendant-Intervenor.

———————————————————

Civil Action 17-cv-2187-RJL

Redacted

## OPPOSITION TO MOTION TO STRIKE PLAINTIFF'S NOTICE OF ADDITIONAL RECORD EVIDENCE AND CROSS-MOTION FOR LEAVE TO FILE THE NOTICE AND FURTHER NOTICE OF ADDITIONAL RECORD EVIDENCE

On December 14, 2017, Intervenor, the House Permanent Select Committee on Intelligence ("Committee") filed a Motion to Strike Plaintiff's Notice of Additional Record Evidence (Dkt. 48).  The Committee's Motion is largely a substantive rebuttal of the Notice of Additional Record Evidence ("Notice") (Dkt. 45) filed by Plaintiff Fusion GPS ("Fusion") on December 12, 2017 that it seeks to strike.  Fusion respectfully requests that the Court deny the Committee's Motion and grant its Cross-Motion for Leave.

On December 18, 2017, pursuant to Local Rule 7(m), counsel for Fusion conferred with the Committee, who indicated that the Committee opposes this Cross-Motion for Leave, and with Defendant Bank's counsel, who does not oppose this Motion. A proposed order is attached and oral argument is not requested.

1.       Local Rule 65.1(c) on its face only applies to affidavits, and not to Fusion's Notice or Further Notice of Additional Record Evidence ("Further Notice") (Dkt. 49).  Fusion did file declarations in connection with the Notice and Further Notice, including the declarations of Rachel F. Cotton (Dkt. 45-1) and Steven M. Salky (Dkt. 49-1), but these merely authenticated exhibits and did not contain factual material.  The declaration of Glenn R. Simpson (Dkt. 45-15) did provide a few new facts, but only those necessary to contextualize the new evidence set forth in the Notice, which is based on media reports that are judicially noticeable.  Fusion therefore respectfully seeks leave to file the Notices and declarations here.

2.       The Committee's motion also should be denied, and Fusion's cross-motion should be granted, because the information presented in the Notice only emerged since the November 30, 2017 hearing in this matter and is highly relevant to the issues before the Court.  "Motions to strike, as a general rule, are disfavored."  *Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distributors Pty. Ltd.*, 647 F.2d 200, 201 (D.C. Cir. 1981).  Indeed, the Federal Rules favor adjudication on the merits, the publicly available information proffered is judicially noticeable, and it is well within the Court's discretion to consider such evidence.  *See Sataki v. Broad. Bd. of Governors*, 733 F. Supp. 2d 22, 39 n.17 (D.D.C. 2010) (exercising discretion to consider materials filed in violation of LCvR 65.1(c) to the extent relevant); *Washington Post v. Robinson,* 935 F.2d 282, 291 (D.C. Cir. 1991) (taking judicial notice of newspaper articles regarding an "ongoing criminal investigation" and an individual's "involvement and cooperation in that investigation").

The circumstances here are extraordinary, and before the Court are weighty issues of the constitutional limits of Congress's investigative powers.  As the Committee is aware, the Congressional investigation underlying this action and the related Senate and Special Counsel

investigations are fast-moving, and media coverage of emerging facts is relentless.  Over the past few weeks, new, relevant evidence has come to light at a brisk pace, some of it as a result of apparent leaks from the Committee itself targeting Fusion.  None of the new evidence presented in Fusion's Notice could have been brought to the Court's attention before the hearing on Fusion's motion, and it is in the interests of the parties, the Court, and the public for the issues here to be decided on a complete record.

3.      Moreover, the Committee will suffer no prejudice if the new evidence is permitted.  Though styled as a motion to strike, the Committee's December 14 filing was, for all practical purposes, a thorough substantive opposition to the Notice joining issue on the facts and the law.  *See Nwachukwu v. Karl,* 216 F.R.D. 176, 180 (D.D.C. 2003) (denying plaintiff's motion to strike, in part, because plaintiff "failed to raise any viable prejudice arguments").

4.      In any event, by picking through each piece of new evidence and arguing that some of it does not directly mention the Committee, the Committee misses the point.  There is evidence that the Committee is coordinating with the President, his personal lawyers, and the Senate Judiciary Committee (Exs. A-C, F, M),[1] to misdirect attention to Fusion and its associates in an effort to punish and discredit Fusion, due to their perceived role in exposing the ties between the Trump campaign and the Russians (Exs. I-M).  This coordinated effort includes the subpoena to Fusion's bank and the apparent leaks from the Committee (Exs. J-M), and it has

---

[1]      Indeed, as yet a further example of the Senate Judiciary Committee's acute interest in these proceedings, on December 14, 2017, Fusion filed, at the request of the Senate Judiciary Committee's Chief Investigative Counsel, its Further Notice of Additional Record Evidence. Dkt 49.

been amplified in recent days by attacks on the FBI and Justice Department by members of

Congress, the President, and his lawyers.[2]

The Committee even goes so far as to suggest that Fusion "unquestionably engaged in

precisely the type of Russian collusion that lies at the heart of" the investigation. Mot. at 5. This

nonsensical and irresponsible theory shows just how far the Committee's inquiry has gone off

the rails and entered improper territory in order to justify the punishment of a company deemed

partially responsible for exposing the Trump campaign's ties to the Russian government.

Rather than focusing on Russian-directed activity that was aimed at electing Mr. Trump

to the presidency, as is recognized to have occurred by the U.S. intelligence community, the

Committee has now revealed that it is trafficking in baseless conspiracy theories. That

underscores why the subpoena at issue here is an abuse of congressional investigatory power that

falls squarely within the test in *Watkins v. United States*, 354 U.S. 178 (1957), which – contrary

to the Committee's Motion to Strike (Dkt. 45 at 3-4) – must be applied here because Fusion is

not in a position to resist the subpoena served on Defendant Bank.[3] The subpoena at issue here

is an improper distraction from the real investigation.

_____

[2]     In what is purported to be an investigation into Russian interference in the 2016 election, it is remarkable that the only subpoena served on a financial institution by the Committee appears to be of *Fusion's* bank, in order to be able to obtain records of the payments made by law firms and other clients on matters the Committee has no basis for believing are related to Russia. Ex. H to the Decl. of Rachel F. Cotton (Dkt. 45-1).

[3]     The Committee's argument that *Watkins v. United States*, 354 U.S. 178 (1957), is inapplicable here is incorrect. First, *Watkins* is not limited to contempt proceedings, Mot. at 3-4, but rather addressed the general limits on Congress's investigative authority, including those limitations enumerated in the Bill of Rights. *See Watkins*, 354 U.S. at 187-88 (noting that Congress cannot merely act to "punish" and that its investigative powers are unquestionably limited by the Bill of Rights); *id.* at 200 (Congress has "no . . . power to expose for the sake of exposure."). Those constraints apply to any congressional act, not merely to contempt proceedings in the courts or in Congress itself. Moreover, Fusion is not in position to resist the subpoena itself as the subpoena was served on a third party, so contempt proceedings may not ever occur here. That Congress has no means of holding Fusion itself in contempt, however,

5.

_____

does not prohibit Fusion from seeking relief particularly where, as here, a third party's compliance with a congressional subpoena will directly infringe upon Fusion's constitutional rights.  *See United States v. AT&T*, 567 F.2d 121, 129 (D.C. Cir. 1977) (citing *Watkins* in context of third-party suit to enjoin AT&T's compliance with congressional subpoena).  Second, contrary to the Committee's contention, *Kilbourn v. Thompson*, 103 U.S. 168 (1881), does not detract from Plaintiff's argument.  That *Kilbourn* concluded that the contempt resolution issued in that case trampled on the separation of powers—the resolution "was in its nature clearly judicial," 103 U.S. at 192—does not somehow license Congress to violate other provisions of the Constitution.  Finally, the Committee's attempt to distract this Court by contending that its purported authority to pursue the broad "subject matter" of the investigation here should end this case, Mot. at 5, simply seeks again to trample the analysis in *Watkins*.  As the Court did in *Watkins*, this Court must assess the particular "question under inquiry," and the Committee's words and conduct pertaining to that question in determining whether Congress has acted unconstitutionally.  *Watkins*, 354 U.S. at 214-15.  Fusion has introduced ample evidence that the subpoena falls far beyond the constitutional boundaries that *Watkins* applied.

Plaintiff made no such explicit waiver here, and, in any event, all Fusion is seeking here is a modest delay so that it can file a full-blown motion for stay pending appeal if the Committee prevails in its quest for these bank records.

For the foregoing reasons, the Court should deny the Committee's Motion to Strike Plaintiff's Notice of Additional Evidence and grant Plaintiff's Cross-Motion for Leave to File the Notice and Further Notice.

Dated: December 18, 2017

Respectfully submitted,

*/s/ Theodore J. Boutrous, Jr.*
Theodore J. Boutrous, Jr., (D.C. Bar No. 420440)
**GIBSON, DUNN & CRUTCHER LLP**
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel:  (202) 955-8688
tboutrous@gibsondunn.com

Rachel F. Cotton (D.C. Bar No. 997132)
Steven M. Salky (D.C. Bar No. 360175)
William W. Taylor, III (D.C. Bar No. 84194)
**ZUCKERMAN SPAEDER LLP**
1800 M Street, NW, Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
wtaylor@zuckerman.com
ssalky@zuckerman.com
rcotton@zuckerman.com

Joshua A. Levy (D.C. Bar No. 475108)
Robert F. Muse (D.C. Bar No. 166868)
Rachel M. Clattenburg (D.C. Bar No. 1018164)
**CUNNINGHAM LEVY MUSE LLP**
1250 Connecticut Avenue, NW, Suite 200
Washington, D.C. 20036
Tel: (202) 261-6564
jal@cunninghamlevy.com
rmuse@cunninghamlevy.com

rmc@cunninghamlevy.com

*Counsel for Plaintiff BEAN LLC, d/b/a*
*FUSION GPS*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of December 2017, the foregoing was filed on the Court's CM/ECF system, thereby serving all counsel of record in this matter.

*/s/ Theodore J. Boutrous, Jr.*