IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BEAN LLC d/b/a FUSION GPS <br>     1700 Connecticut Ave., NW <br>     Suite 400 <br>     Washington, DC 20009, <br><br>               Plaintiff, <br><br> v. <br><br> DEFENDANT BANK, <br><br>               Defendant, <br><br><br> PERMANENT SELECT COMMITTEE ON INTELLIGENCE OF THE U.S. HOUSE OF REPRESENTATIVES, <br>               Intervenor. | Case No. 1:17-cv-02187-RJL |

**CONSOLIDATED REPLY IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S NOTICE OF ADDITIONAL RECORD EVIDENCE AND OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR LEAVE TO FILE THE NOTICE AND ADDITIONAL RECORD EVIDENCE**

On December 12, 2017, Plaintiff filed a Notice of Additional Record Evidence (ECF No. 45) ("Notice") in violation of Local Rule 65.1(c). In response to the Motion to Strike filed by the Permanent Select Committee on Intelligence ("Committee") (ECF No. 48), Plaintiff immediately filed *another* Notice in violation of Local Rule 65.1(c) (ECF No. 49), and several days later filed an Opposition to the Committee's Motion to Strike as well as an untimely Cross-Motion for Leave to file both defective Notices (ECF Nos. 51, 52) ("Pl. Opp."). For the reasons explained

1

in the Committee's Motion to Strike, and below, the irrelevant and improper "evidence" should be stricken.[1]

Plaintiff's Notices consist of declarations – *i.e.,* equivalent to affidavits in accordance with 28 U.S.C. § 1746 – with accompanying press articles.  These unsworn affidavits and exhibits are plainly governed by Local Rule 65 and should be stricken for failure to seek leave of the court.  *See Econ. Research Servs. v. Resolution Econ., LLC*, 140 F. Supp. 3d 47, 49 n.2 (D.D.C. 2015) (Leon, J.) (striking reply brief and declarations and accompanying exhibits for failure to comply with LCvR 65.1(c)) and Docket Entry No. 21, *id.*, No. 1:15-cv-01282-RJL (reflecting clerk's notation that ECF No. 21 filings were stricken); *John Doe Co. v. Consumer Fin. Prot. Bureau*, 235 F. Supp. 3d 194, 207 n.4 (D.D.C. 2017) (holding that court would not consider *Wall Street Journal* article and supplemental affidavits filed in violation of Local Rule 65.1(c)).

Plaintiff's attempt to cure its defective filings through an untimely Cross-Motion for Leave should also be denied as violative of Federal Rule of Evidence 201.  Plaintiff asserts that the proffered material "demonstrates that HPSCI's subpoena to Defendant Bank is part of a punitive effort … to retaliate against Fusion," Notice 3, and asks this Court to take judicial notice of press reports for the asserted proposition that "the Committee is coordinating with the President … to misdirect attention to Fusion … [and] punish and discredit Fusion … due to [Fusion's] perceived role" in Russian interference with the 2016 election.  Pl. Opp. 3.  As an

---

[1] Plaintiff's Opposition fails to confront the Committee's arguments regarding the irrelevance of the cited articles, the inapplicability of the precedents cited by Plaintiff, and the impropriety of Plaintiff's baseless attempts to impugn the motives of the Committee, so the Committee will not reiterate those arguments here.

initial matter, Plaintiff's proffered "evidence" fails to support the fantastical theory of a vast multi-Branch government conspiracy against Plaintiff. It is undisputed that Plaintiff hired a private investigator who appears to have used Russian intelligence sources to uncover negative information about a Presidential candidate in the 2016 election. It is also undisputed that Plaintiff seeds its opposition research to friendly media outlets, including the research here, which was based on information from these Russian intelligence sources. Therefore, the Committee's perception of Plaintiff's role in Russian interference with the 2016 election is unquestionably well-founded, and its interest in Plaintiff's activities is unquestionably legitimate. Plaintiff's actions fit squarely within the parameters of the Committee's investigation, and there is no legitimate basis for Plaintiff to continue to frustrate the Committee's important investigation. That Plaintiff is noticeably discomfited that its actions have raised the attention of Congressional investigators (and the American people) is a problem of Plaintiff's own making.[2]

Plaintiff's breezy assertion that this "publicly available information … is judicially noticeable," Pl. Opp. 2, bears no resemblance to Rule 201's requirement that a court may judicially notice only a fact "that is not subject to reasonable dispute." Fed. R. Evid. 201(b). While courts may take judicial notice of the *existence* of press accounts, if the mere fact of publication is relevant to an issue before the court, courts cannot take judicial notice of newspaper articles for the *truth* of the assertions in those articles, as Plaintiff would have the

---

[2] Plaintiff claims, for example, that the Committee is engaged in a conspiracy against it by *issuing a subpoena to a bank*. Pl. Opp. 4, n.2. Of course, where an entity (such as Plaintiff) fails to voluntarily produce financial records, a Congressional committee – or any competent government investigator – will attempt to secure those records from the third party in possession of them. That the Committee is able to obtain financial records from other persons and entities involved in its investigation without resort to compulsory process to third parties only highlights Plaintiff's intransigence, not any purported ulterior motives.

Court do here.  *Compare Competitive Enterp. Inst. v. EPA*, 67 F. Supp. 3d 23, 36 n.7 (D.D.C. 2014) (holding that court could not consider articles submitted pursuant to a "Notice of Subsequent Factual Development" because "the underlying truth of the cited articles is not judicially noticeable material" under Rule 201(b)) *with Sandza v. Barclays Bank PLC*, 151 F. Supp. 3d 94, 113 (D.D.C. 2015) (concluding that court may take judicial notice of the existence of news articles but recognizing that court may not take judicial notice of the truth of the articles' assertions); *see also Washington Post v. Robinson*, 935 F.2d 282, 291-92 (D.C. Cir. 1991) (holding that, in assessing whether harm would result from disclosure of cooperating witness's role, court could take judicial notice of previously published press articles disclosing the witness's role).  Here, Plaintiff proffers its articles for the proof of the matters asserted, but Plaintiff cannot cure its violation of Local Rule 65 through a violation of Federal Rule of Evidence 201.

Finally, Plaintiff's continued attempts to delay and impede the Committee's legitimate investigation should be rejected.  As explained in the Committee's Motion to Strike, Defendant Bank is obligated to ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████  In addition, if the Bank were to fail to produce the subpoenaed records as expeditiously as possible following a ruling in the Committee's favor, it would be in default of the subpoena.  Plaintiff's threat that it will seek a "stay" of any adverse ruling by this Court would have no impact on the Bank's obligations under the subpoena, █

4

██████████████████████████████████

████.

## CONCLUSION

For the reasons explained in the Committee's Motion to Strike, and for all the other reasons above, the Court should strike Plaintiff's Notice and deny Plaintiff's Cross-Motion.

Respectfully submitted,

*/s/ Thomas G. Hungar*
THOMAS G. HUNGAR
  *General Counsel*
TODD B. TATELMAN
  *Associate General Counsel*
KIMBERLY HAMM
  *Assistant General Counsel*

OFFICE OF GENERAL COUNSEL
U.S. HOUSE OF REPRESENTATIVES
219 Cannon House Office Building
Washington, D.C.  20515
(202) 225-9700 (telephone)
(202) 226-1360 (facsimile)
Thomas.Hungar@mail.house.gov

*Counsel for the Permanent Select Committee on Intelligence of the U.S. House of Representatives*

December 22, 2017

5

## CERTIFICATE OF SERVICE

I certify that on December 22, 2017, I caused the foregoing document to be filed through the court's CM/ECF system, which I understand caused it to be served on all registered parties.

*/s/ Thomas G. Hungar*
Thomas G. Hungar
