## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| BEAN LLC d/b/a FUSION GPS, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action 17-cv-2187-RJL |
| DEFENDANT BANK, | ) | |
| Defendant, | ) | |
| and | ) | |
| PERMANENT SELECT COMMITTEE ON INTELLIGENCE OF THE U.S. HOUSE OF REPRESENTATIVES, | ) | |
| Defendant-Intervenor. | ) | |

## PLAINTIFF'S EMERGENCY MOTION FOR A STAY PENDING APPEAL

Plaintiff Bean LLC d/b/a Fusion GPS ("Fusion") respectfully moves this Court for a stay pending appeal of its January 4, 2018 Order (Dkt. 58) denying its motion for a preliminary injunction pursuant to Fed. R. Civ. P. 62(c) and Federal Rule of Appellate Procedure 8(a). Such a stay will preserve the status quo and allow Fusion to appeal this Court's determination of these novel and serious issues while protecting the confidentiality of its bank records. On January 4, 2018, pursuant to Local Civil Rule 7(m), counsel for Fusion conferred with counsel for the Committee, who indicated that the Committee opposes this Motion, and with Defendant Bank's counsel, which has stated that "the Bank is processing the documents responsive to the Committee's subpoena and, absent a stay, will produce the documents promptly." A proposed order is attached.

Fusion sought to restrain its bank from producing specific bank records to the Permanent Select Committee on Intelligence of the House of Representatives ("the Committee"), which is investigating Russian "active measures" aimed at interfering in the 2016 U.S. presidential election. The Committee has targeted Fusion because of its campaign research work that led to the so-called Russia "dossier" on President Trump.  The 70 bank records in question do not relate in any way to this work.  If the Defendant Bank is required to produce them, Fusion, and potentially third parties, will be irreparably harmed, while the Committee and the Bank will not be harmed.  Indeed, there is a significant risk of leaks from the investigation, and leaks have already resulted in retaliation against a senior Justice Department attorney whose wife, a Russia expert, has done work for Fusion in the past.  Fusion is likely to succeed on the merits of its appeal because the subpoena violates the First Amendment rights of Fusion and its associates, as well as Fusion's due process rights in its bank records.  Fusion thus urges this Court to stay its judgment pending final determination of this important question on appeal.  *See* Fed. R. Civ. P. 62(c).

## ARGUMENT

This Court can award a stay pending appeal when:  (1) "the stay applicant has made a strong showing that he is likely to succeed on the merits"; (2) "the applicant will be irreparably injured absent a stay"; (3) "issuance of the stay will [not] substantially injure the other parties interested in the proceeding"; and (4) awarding a stay is in "the public interest."  *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *see also Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 842–44 (D.C. Cir. 1977).

This Circuit applies each of these factors "flexibly according to the unique circumstances of each case."  *McSurley v. McClellan*, 697 F.2d 309, 317 (D.C. Cir. 1982).  Thus, "the necessary 'level' or 'degree' of possibility of success will vary according to the court's assessment of the other factors."  *Washington Metro.*, 559 F.2d at 843-44 (rejecting "a wooden 'probability'

requirement" in favor of "an analysis under which the necessary showing on the merits is governed by the balance of equities as revealed through an examination of the other three factors.").  "A party does not necessarily have to make a strong showing with respect to the first factor (likelihood of success on the merits) if a strong showing is made as to the second factor (likelihood of irreparable harm)."  *People for the Am. Way Found. v. U.S. Dep't of Educ.*, 518 F. Supp. 2d 174, 177 (D.D.C. 2007).  And if several factors support a stay, Fusion need only show "a 'substantial case on the merits,' even if ultimate success is not a mathematical probability."  *McSurley*, 697 F.2d at 317.

Each factor supports issuing a stay here.

**A.    Fusion is Likely to Succeed on the Merits.**

Plaintiffs meet the first factor for the purposes of a stay pending appeal, particularly in these novel circumstances.  Indeed, to demonstrate a likelihood of success, Plaintiff need not "'show[] a mathematical probability of success'" but merely a challenging, serious legal questions that present a need for a "'more deliberative investigation.'"  *Jewish War Veterans of U.S., Inc. v. Gates*, 522 F. Supp. 2d 73, 76 (D.D.C. 2007) (citing *Washington Metro.*, 559 F.2d at 844).

Fusion's appeal presents numerous serious issues that warrant preserving the status quo here in order to allow the appellate court to weigh in.  The subpoena to Fusion's bank is an abuse of congressional investigatory power that falls squarely within the test in *Watkins v. United States*, 354 U.S. 178, 187 (1957) ("Investigations conducted solely for personal aggrandizement of the investigators or to 'punish' those investigated are indefensible.").  There is evidence that the subpoena was issued pretextually in an effort to harm Fusion and its associates.  The Committee has subpoenaed no bank but Fusion's and appears to have engaged in strategic leaks which have already resulted in the demotion of a senior Justice Department attorney whose wife, a Russia expert, worked as a contractor for Fusion.  Notice of Additional Record Evidence ("Notice"), Dkt.

3

45 at 3.  "[T]here is no congressional power to expose for the sake of exposure."  *Watkins,* 354 U.S. at 200.  "Investigations conducted solely . . . to 'punish' those investigated are indefensible." *Id*. at 187; *see also Sweezy v. State of N.H. by Wyman*, 354 U.S. 234, 245 (1957) (recognizing that legislative investigations "are capable of encroaching upon the constitutional liberties of individuals").  The Court has disregarded this evidence.

This Court also erred in finding that there is no First Amendment associational right in the records because Fusion's records present only commercial information.  *See The New York Times Co. v. Gonzales*, 459 F.3d 160, 167–68 (2d Cir. 2006) (noting, in discussing a subpoena to regarding union's payroll deduction system, that "First Amendment rights are implicated whenever government seeks from third parties records of actions that play an integral part in facilitating an association's normal arrangements for obtaining members or contributions."); *cf. Citizens United v. Fed. Election Comm'n*, 558 U.S. 310, 339 (2010) (noting that ban on expenditures is a ban on speech).  The bank records will reveal to the Committee other persons that have worked for Fusion or who have hired Fusion, who may then also be subject to retaliation, as has already occurred here.  Notice, Dkt. 45.  Although the First Amendment may not be a "secrecy pact," Op. at 21, the First Amendment has long protected anonymous speech and association, *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 341-42 (1995), particularly where exposure will result in retaliation from those with a history of animus and reprisal, *see NAACP v. Alabama*, 357 U.S. 449, 463 (1958).

This Court also did not address Fusion's arguments that the subpoena violates its due process rights, including because it seeks to appropriate Fusion's private bank records, because it was issued contrary to committee rules, was *ultra vires*, and seeks records irrelevant to the

investigation.[1]   Coupled with the animus exhibited against Fusion, this constitutes a violation of Fusion's due process rights.  *George Wash. Univ. v. D.C.*, 318 F.3d 203, 209 (D.C. Cir. 2003) (due process is violated where government violates law out of animus); *Silverman v. Barry*, 845 F.2d 1072, 1080 (D.C. Cir. 1988) (same); *see also Steinberg v. D.C.*, 901 F. Supp. 2d 63, 73 (D.D.C. 2012) (noting that challenging governmental action as based on "illegal animus" states a legitimate due       process       claim);       *see       also       Sweezy*,       354       U.S.       at       245; (https://www.nytimes.com/2018/01/02/opinion/republicans-investigation-fusion-gps.html) (describing the numerous attacks on Fusion by the federal government despite Fusion's sincere efforts to cooperate with legitimate investigatory aims).

**B.      Absent a Stay, Fusion and Third Parties Will Be Irreparably Harmed.**

Once the bank records are released to HPSCI, "the very rights [Plaintiff] seeks to protect will have been destroyed." *Council on Am.-Islamic Relations v. Gaubatz*, 667 F. Supp. 2d 67, 76 (D.D.C. 2009) (issuing TRO to enjoin former intern of  nonprofit corporation from using or disclosing confidential business records, including confidential donor lists, because of the irreparable harm to the corporation that would ensue); *see also Morgan Stanley DW Inc. v. Rothe*, 150 F. Supp. 2d 67, 77-78 (D.D.C. 2001) (entering a TRO upon a finding that the plaintiff financial services firm would suffer irreparable harm from disclosure of confidential client information because of "the concomitant loss of customer trust and goodwill" and the fact that clients will not trust the firm if they "begin to feel that their personal information is not safe with the plaintiff."). The Committee will violate Fusion's right to due process by taking possession of its confidential

---

[1]    Indeed, the *New York Times* reported recently that information that George Papadopoulos, a former Trump campaign foreign policy advisor, provided to an Australian diplomat—and *not* the Steele dossier—prompted the FBI's    investigation    into    Russia's    "active    measures"    to    influence    the    2016    campaign. https://www.nytimes.com/2017/12/30/us/politics/how-fbi-russia-investigation-began-george-papadopoulos.html?_r=0.

bank records, and will have obtained the information necessary to further pursue its retaliatory aims, in violation of the First Amendment rights of Fusion and its associates.[2]

The threat of retaliatory disclosure of confidential information in the records is not just theoretical, it is part of a pattern and an underlying purpose of the subpoena.  *See, e.g.*, Decl. of Josh Levy (Dkt. 13-2); Decl. of Glenn R. Simpson (Dkt. 45-15).  Once these First Amendment associational rights are violated—"there can be no do over and no redress.'" *League of Women Voters of United States v. Newby*, 838 F.3d 1, 9 (D.C. Cir. 2016) (citation omitted).  And "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347 (1976).

Moreover, compliance with the subpoena—and disclosure of its client relationships— threatens Plaintiff's business, which often involves confidential retentions.  *Nat'l Prisoners Reform Ass'n v. Sharkey*, 347 F. Supp. 1234, 1237 (D.R.I. 1972) (holding that because the court would not be able to provide any meaningful relief if association ceased to exist, the plaintiff association had shown irreparable harm necessitating a TRO).

### C.    A Stay Will Neither Substantially Injure Any Other Party Nor Harm the Public's Interest.

While there is a public interest in allowing Congress to investigate issues of national importance expeditiously, this interest does not trump the constitutional rights of the subjects of those investigations.  The public interest in ensuring that Congress respects its boundaries and the rights of its citizens is paramount.  The public interest in protecting First Amendment rights is strong.  "[T]here is always a strong public interest in the exercise of free speech rights otherwise abridged by an unconstitutional" legislative act.  *Pursuing America's Greatness*, 831 F.3d at 511.

---

[2]    The Committee has taken the position that the Defendant Bank must produce the documents immediately, prior to any appeal by Plaintiff, due to the parties' Confidentiality Agreement.  That position grossly mischaracterizes the Confidential Agreement, as set forth in prior pleadings.  *See* Dkt. 51.

"[E]nforcement of an unconstitutional" legislative act "is *always* contrary to the public interest." *Gordon v. Holder*, 721 F.3d 638, 653 (D.C. Cir. 2013) (emphasis added); *see also Llewelyn v. Oakland Cnty. Prosecutor's Office*, 402 F. Supp. 1379, 1393 (E.D. Mich. 1975) ("[I]t may be assumed that the Constitution is the ultimate expression of the public interest.").

The public's interest will not be harmed by a stay because the Committee has never demonstrated how information in the bank records has even marginal relevance to any particular upcoming interview.  Indeed, Committee members have publicly claimed that they are wrapping up their investigation in the "coming weeks" and that they "have largely completed all interviews relevant to the narrow scope of inquiry Democrats had agreed to last spring."  *See* https://www.nbcnews.com/politics/congress/house-republicans-prepare-wrap-contentious-russia-investigation-n830561.

## CONCLUSION

For the foregoing reasons, Fusion respectfully requests that its motion be granted and that a stay order be issued pending resolution of Fusin's appeal.

Dated: January 5, 2018                     Respectfully submitted,

*/s/ Theodore J. Boutrous, Jr..*
Theodore J. Boutrous, Jr., (D.C. Bar No. 420440)
**GIBSON, DUNN & CRUTCHER LLP**
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel:  (202) 955-8688
tboutrous@gibsondunn.com

Joshua A. Levy (D.C. Bar No. 475108)
Robert F. Muse (D.C. Bar No. 166868)
Rachel M. Clattenburg (D.C. Bar No. 1018164)
**CUNNINGHAM LEVY MUSE LLP**
1250 Connecticut Avenue, NW, Suite 200
Washington, D.C. 20036
Tel: (202) 261-6564
jal@cunninghamlevy.com

rmuse@cunninghamlevy.com
rmc@cunninghamlevy.com

*Counsel for Plaintiff BEAN LLC, d/b/a*
*FUSION GPS*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of January 2018, the foregoing was filed on the Court's

CM/ECF system, thereby serving all counsel of record in this matter.


*/s/  Theodore J. Boutrous, Jr.*